HUBERT KELLY, Respondent, *v.* THE HOME MUTUAL FIRE INSURANCE COMPANY OF BROOME COUNTY, N. Y., Appellant, Impleaded with THE FIRST NATIONAL BANK OF ELLENVILLE, N. Y., Defendant.

HUBERT KELLY, Respondent, *v.* THE UTICA FIRE INSURANCE COMPANY OF ONEIDA COUNTY, N. Y., Appellant, Impleaded with THE FIRST NATIONAL BANK OF ELLENVILLE, N. Y., Defendant.

HUBERT KELLY, Respondent, *v.* THE SECURITY MUTUAL FIRE INSURANCE COMPANY OF DELAWARE COUNTY, N. Y., Appellant, Impleaded with THE FIRST NATIONAL BANK OF ELLENVILLE, N. Y., Defendant.

Third Department, March 3, 1920.

Depositions — commission to take testimony of witness without State — res inter alios acta — willingness of plaintiff to commit arson for another person.

Where defendants, sued on policies of fire insurance, allege as a defense that the fire was caused by the intentional act of the plaintiff for the purpose of cheating and defrauding the defendants, a commission to take the deposition of a witness without the State will not be granted for the purpose of proving that two years before the fire the plaintiff was willing to commit a similar crime on behalf of the witness sought to be examined, for the testimony would only establish an independent crime not connected with the crime charged and hence would be inadmissible.

The two crimes committed in relation to different properties owned by different people and at times so remote from each other that they are not part of one general scheme do not show a common motive or intent.

APPEAL by each of the above-named insurance companies from an order of the Supreme Court, made at the Ulster Special Term and entered in the office of the clerk of said county on the 10th day of December, 1919, denying a motion made by each of said companies for a commission to take the deposition of a witness without the State.

*William Rooney*, for the appellants.

*John R. De Vany*, for the respondent.

WOODWARD, J.:

The complaint set up causes of action based upon policies of insurance issued by the defendants, and demands judgment for

the amount of the several policies.   After putting in issue some of the allegations of the complaint a defense is alleged to the effect that " said fire of July 14th, 1918, and the 'loss and damage occasioned thereby were caused by the intentional act of plaintiff, by setting fire to said property to cause the destruction thereof, and for the purpose and with the intention of collecting the insurance thereon described in the complaint herein, and for the purpose of cheating and defrauding this defendant out of said insurance money."

The issue thus presented is, of course, that the plaintiff set fire to the buildings covered by the insurance for the purpose of collecting the money from the defendants.   The case appears to have been at issue for some time, and on the 10th of December, 1919, defendants' motion for an order for a commission to take the testimony of one Scherb, an alleged resident of New Jersey, was denied, and appeal comes to this court from the order denying such motion.

The moving affidavit is made by the attorney of record for the defendants, and is to the effect that in company with a police officer he visited the home of Scherb in New Jersey in October, 1919, and that on that occasion the said Scherb stated that he knew Hubert Kelly, the plaintiff, " and that said Kelly had come to him there one day, and they had talked about his place which he had sold to the Kauffmans, on which Mrs. Scherb held a $5,000 mortgage or thereabouts, and that Kelly asked him what he was going to do with the place up there, and said Scherb said in substance that he would try to sell it again and he didn't mind to lose a few hundred dollars and Kelly said that maybe he could help him out.   Mr. Scherb stated that he said, ' Well, as long as I get the amount of the insurance,' and Kelly said, ' Just leave it to me.'   That Mr. Scherb saw Kelly after the first fire and Kelly said he had made a bum job, and that Mr. Scherb told him he better stop that, that it was set on fire again, and Scherb saw Kelly again and that Kelly said ' that fellow up there was sick and he couldn't finish it '— that the second time it started in the back of the kitchen, and that Scherb said to Kelly again that he better stop that as he didn't want any trouble about it and Kelly said ' just leave it to me '— and that he was scared because Kelly had set the house on fire," etc.   It was claimed in this

affidavit that Scherb had expressed a willingness to come into the State of New York and to disclose this information; that Scherb did come into the State, but that after seeing counsel he got into an automobile and drove away without making the disclosure, and the court is now asked to grant an order to take this alleged evidence in the State of New Jersey.

It must be entirely evident that Scherb is in a position where, if his statement is true, he is involved in the effort to commit a crime, and it is highly probable that he would stand upon his privilege and refuse to give the testimony, if we should conclude that it was competent in this case. But aside from this point, we are of the opinion that the testimony is not proper in a case of this character, and that the court at Special Term properly refused the order.

Just when this alleged conversation between Kelly and Scherb took place is not disclosed; it is conceded upon this appeal that it was at least a year prior to the fire involved in this litigation, while the court in its opinion says it was several years prior. Be this as it may, it is not shown to have any connection whatever with the fire which destroyed the plaintiff's property, and could have no bearing upon the case except to raise the moral probability that a man who had seriously discussed, and perhaps had taken part in other incendiary fires, would be likely to burn his own buildings for the sake of realizing upon his insurance. This is clearly an effort to procure testimony of an independent crime, which had no connection whatever with the crime charged in the defendants' answer. (*People* v. *Marrin*, 205 N. Y. 275, 287.) There is no real question of intent involved in this defense. If the plaintiff set fire to the buildings, he intended the natural and inevitable result of his acts, as a pure matter of law, and the only issue is whether he in fact set fire to the buildings, resulting in their destruction. The fact that he may have been willing to commit a crime in behalf of Scherb one or more years before, is not evidence that he did set fire to his own buildings at the time of the fire here involved. These are separate and distinct matters; two crimes committed in relation to different properties, owned by different people, and at times too remote from each other to suggest that they are a part of one general scheme. " But," say the court in *People* v. *Shulman* (80 N. Y.

373, note), cited approvingly in *People* v. *Marrin* (*supra*), "there is one general rule which must apply to all such cases; there must be, in the transactions thus sought to be proved, some relation to or connection with the main transaction. That is, they must show a common motive or intent running through all the transactions, or they must be such as in their nature to show guilty knowledge at the time of the main transaction, and if they possess these characteristics, then it matters not whether they were before or after, or near to or remote from the main transaction." The distinction pointed out by the court, in considering *People* v. *Weaver* (177 N. Y. 434), in *People* v. *Marrin* (*supra*) is a sufficient authority for the order in this case, for the testimony which it is proposed to procure simply tends " to prove an independent crime which had no connection whatever with the crime charged," and such testimony is clearly incompetent.

The order appealed from should be affirmed, with costs

Order unanimously affirmed, with ten dollars costs and disbursements.