■ JESSE PEARSALL, as Administrator of the Estate of KAREN PEARSALL, Deceased, Respondent, v. ALBERTA McLAIN, Respondent. (Action No. 1.) MERLE E. CAPWELL, an Infant, by Her Parent and Natural Guardian EARLE W. CAPWELL, et al., Appellants, v. ALBERTA McLAIN et al., Respondents. (Action No. 2 and 2 Other Actions.) — In four negligence actions, three to recover damages for personal injury and a fourth to recover damages for injury to property, the plaintiffs in Action No. 2 appeal: (1) from so much of an order of the Supreme Court, Nassau County, entered April 19, 1965, as, on motion of defendant McLain, consolidated Actions Nos. 2 and 3 with Action No. 1 and ordered a joint trial as to said actions (CPLR 602, subd. [a]); and (2) from an order of said court entered May 21, 1965 upon reargument, as adhered to the original decision of the court. Order of May 21, 1965 affirmed, with $10 costs and disbursements (*Pace* v. *New York City Tr. Auth.*, 19 A D 2d 630). Appeal from order of April 19, 1965 dismissed (*Matter of Smith* [*MVAIC*], 18 A D 2d 889; *Edell* v. *Edell*, 279 App. Div. 657). That order was superseded by the later order of May 21, 1965. Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.

■ PERSONAL LINEN SUPPLY CO., INC., Respondent, v. SALVADORE CIAMPI et al., Appellants.— In an action to recover damages for breach of contract and to recover punitive damages for maliciously inducing such breach of contract, defendants appeal, pursuant to leave granted by the court below, from so much of an order of the Supreme Court, Nassau County, entered March 29, 1965 on reargument, as denied their motion to strike paragraphs "Twenty-Ninth" through "Thirty-Third" of plaintiff's complaint. Order, insofar as appealed from, reversed, with $10 costs and disbursements, and motion granted. Defendants' time to answer is extended until 20 days after the entry of the order hereon. In our opinion, the matter contained in the afore-mentioned paragraphs of the complaint is prejudicial, which is not disputed, and is unnecessarily included in the pleading (CPLR 3024, subd. [b]). Those paragraphs relate to separate and distinct transactions occurring at times too remote from each other and from the transaction in suit to suggest that they are part of one general scheme, and proof thereof would not be admissible at the trial (cf. *Kelly* v. *Home Mut. Fire Ins. Co.*, 190 App. Div. 764, 766; *Matter of Dale*, 159 Misc. 578, 580–582, and cases there cited). Brennan, Acting P. J., Hill, Rabin and Hopkins, JJ., concur; Benjamin, J., not voting.